UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS GARAY,<br><br>        Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1]<br><br>        Defendant. | Case No.: 1:20-cv-00265-BAM<br><br>**ORDER REGARDING SOCIAL SECURITY COMPLAINT**<br><br>(Docs. 20, 21) |

## INTRODUCTION

Plaintiff Carlos Garay ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits under Title II of the Social Security Act.  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[2]

---

[1]    Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit.

[2]    The parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. § 636(c).  (Docs. 4, 10, 11.)

Having considered the briefing and record in this matter, the Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a whole and based upon proper legal standards. Accordingly, this Court affirms the agency's determination to deny benefits.

## FACTS AND PRIOR PROCEEDINGS

Plaintiff filed an application for disability insurance benefits on March 4, 2016. AR 233-34.[3] Plaintiff alleged that he became disabled on April 12, 2015, due to traumatic brain injury, damaged memory, left hearing damage, trouble remembering things, and seizures. AR 154, 255. Plaintiff's application was denied initially and on reconsideration. AR 154-58, 161-65. Subsequently, Plaintiff requested a hearing before an ALJ. ALJ William Kurlander held a hearing on October 31, 2018. AR 41-114. ALJ Kurlander issued an order denying benefits on March 7, 2019. AR 15-35. Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. AR 1-5. This appeal followed.

### Hearing Testimony and Medical Record

The relevant hearing testimony and the medical record were reviewed by the Court and will be referenced below as necessary to this Court's decision.

### The ALJ's Decision

Using the Social Security Administration's sequential evaluation process, the ALJ determined that Plaintiff was disabled from April 12, 2015, through April 30, 2016. The ALJ also determined that Plaintiff's disability ended as of May 1, 2016, and he had not become disabled since that date. AR 20-35. In particular, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 12, 2015, the date he became disabled. AR 23. For the period from April 12, 2015, through April 30, 2016, the ALJ identified the following severe impairments: status post traumatic brain injury with residual symptoms, depression, and anxiety. AR 24. From April 12, 2015, through December 30, 2015, the severity of Plaintiff's traumatic brain injury met the criteria of section 11.18A of 20 C.F.R. Part 404, Subpart P, Appendix 1. From January 1, 2016, through April 30, 2016,

---

[3] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

Plaintiff's impairments in combination equaled the criteria of section 11.18A. AR 24-27. The ALJ determined that Plaintiff was under a disability from April 12, 2015, through April 30, 2016. The ALJ also determined that Plaintiff had not developed any new impairment since May 1, 2016, and his current severe impairments were the same as those present from April 12, 2015, through April 30, 2016. AR 27. Beginning on May 1, 2016, the ALJ found that the severity of Plaintiff's impairments did not meet or equal any of the listed impairments. AR 27-29. Medical improvement occurred as of May 1, 2016. AR 29-30.

Based on a review of the entire record, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work subject to the following limitations: Plaintiff will be off task 5 percent of the time, work must be routine and repetitive, he can no more than occasionally interact with coworkers, supervisors, and the general public, he can no more than occasionally perform postural activities, but he cannot climb ladders, ropes, or scaffolds, he can no more than occasionally work around moving machinery, he cannot perform work at exposed heights, he can have no more than moderate exposure to noise intensity levels as described in the Selected Characteristics of Occupations, *e.g.,* a 3, and he can have no more than occasional exposure to temperature extremes, wetness, high humidity, and atmospheric irritants, such as dust, fumes, odors, and gases. AR 30-32. The ALJ concluded that Plaintiff was unable to perform past relevant work, but beginning May 1, 2016, there were other jobs existing in significant numbers that Plaintiff could perform, such as assembler, housekeeping cleaner, and photocopy machine operator. AR 33-34. The ALJ therefore found that Plaintiff's disability ended May 1, 2016, and that Plaintiff was disabled from April 12, 2015, through April 30, 2016. AR 34-35.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## DISCUSSION[4]

Plaintiff contends that the ALJ had no basis for limiting off task behavior to 5% and no basis for finding medical improvement as of May 1, 2016. (Doc. 20 at 3.) The Commissioner counters that substantial evidence supports the ALJ's RFC finding, and the ALJ reasonably accounted for Plaintiff's moderate limitations in concentration, persistence, and pace by including a five percent off task restriction. The Commissioner also counters that substantial evidence supports the ALJ's finding that Plaintiff medically improved as of May 1, 2016. (Doc. 21 at 4, 5.)

---

[4] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

**A. RFC – Off Task Limitation**

Plaintiff argues that the ALJ's limitation to 5% off task "is inconsistent with any findings of [Plaintiff's] treating physicians and no evidence is cited from which this random conclusion is reached." (Doc. 20 at 5.)

Contrary to Plaintiff's suggestion, "it is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity." *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). An RFC "is the most [one] can still do despite [his or her] limitations" and it is "based on all the relevant evidence in [one's] case record," rather than a single medical opinion or piece of evidence. 20 C.F.R. § 404.1545(a)(1). Indeed, "an ALJ's RFC determination need not precisely reflect any particular medical provider's assessment." *Pinto v. Kijakazi*, No. 1:21-cv-00585-SKO, 2022 WL 17324913, at *9 (E.D. Cal. Nov. 29, 2022) (citing *Turner v. Comm'r Soc. Sec. Admin.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010)); *see also Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) (finding RFC determination need not directly correspond to a specific medical opinion).

Plaintiff fails to demonstrate error in the ALJ's RFC assessment simply by stating that no particular evidence establishes the existence of the 5% limitation. Nor does Plaintiff point to evidence credited by the ALJ indicating that he would be off task for a higher percentage of the workday. Plaintiff vaguely references his "treating physicians," but he fails to cite specific evidence of record from any physician demonstrating that he would be off task for any percentage of time greater than 5% of the workday. In light of Plaintiff's failure to show that the ALJ's RFC assessment is inconsistent with any particular evidence in this respect, Plaintiff has not met his burden of establishing error in the ALJ's decision. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("The burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.") (citation omitted).

Further, in developing the RFC, the ALJ gave significant weight, but not full weight, to the opinions of the impartial medical expert, the psychological consultative examiner, and the State agency medical consultants, none of whom identified mental limitations indicating Plaintiff would be off task for greater than 5% of the workday. AR 31. For instance, in June 2016, the state agency medical consultant, Brady Dalton, Psy. D., opined that Plaintiff only had moderate limitations in the

area of concentration and persistence. AR 131. Similarly, on reconsideration, state agency medical consultant, Dr. Ellen Gara, concurred that Plaintiff only had moderate limitations in the area of concentration and persistence. AR 148-50 (noting claimant moderately limited in ability to sustain pace and persistence, adhere to a routine, sustain concentration for extended periods and carry out detailed instructions). The consultative examiner, Shephali Gupta, Psy. D., opined on May 23, 2016, that Plaintiff had only mild or moderate mental limitations and determined on mental status examination that Plaintiff had adequate attention, concentration, memory, ability for abstraction, and fund of knowledge. AR 4050, 4054-55.

The ALJ found that the mental limitations assessed by these physicians were supported by evidence of record and accounted for Plaintiff's complaints of related symptoms. AR 31-32. Further, the ALJ believed that Plaintiff's admissions of managing his finances, caring for his disabled son, and dealing with others were taken account in the assessments. AR 32, 75 (driving son to appointments), 297 (caring for son), 299 (able to pay bills, count change, handle a saving account, use checkbook/money orders), 4049 (denied significant difficulties with supervisors, coworkers or the general public while working), 4055 (capable of managing funds independently). Additionally, the ALJ found these assessments supported by the mental status examinations in the record showing that Plaintiff regularly had normal findings. AR 32, 4069 (attention and concentration within normal limits, fair insight, and good judgment), 4369, 4390, 4395, 4436, 4631, 4633, 4871, 4959, 4963 (mental status normal), 4978, 5025, 5028, 5073, 5078, 5084. Plaintiff does not challenge the ALJ's decision to afford the opinions of the state agency consultants and consultative examiner significant weight.

### B. Medical Improvement

Plaintiff argues that there is no evidence to support improvement of his medical condition as of May 1, 2016. Plaintiff argues that he underwent a "craniomity revision" in August 2016 and he continued with "significant cognitive impairment, albeit with some improvement, but no evidence supports that the improvement is so great that it allowed for SGA employment as of 5-1-16." (Doc. 20 at 6.)

In this case, the ALJ determined that medical improvement occurred as of May 1, 2016, the date that Plaintiff's disability ended. AR 29-30. Plaintiff does not identify evidence in the record demonstrating that he continued to have a significant cognitive impairment after May 1, 2016, or after his second cranioplasty in August 2016. The Court will not scour the extensive record in search of support for Plaintiff's argument. *See*, *e.g.*, *Deacon v. Kijakazi,* No. 1:21-CV-00641-BAM, 2022 WL 17363228, at *6 (E.D. Cal. Dec. 1, 2022) (finding court has no obligation to scour the record for error); *Duron v. Kijakazi*, No. 1:21-cv-00149-GSA, 2022 WL 3083735, at *9 (E.D. Cal. Aug. 3, 2022) (concluding court has no obligation to scan the record in search of inaccurate, incorrect or unsupported inferences); *Scull v. Comm'r of Soc. Sec.*, No. 4:17-cv-05012-MKD, 2018 WL 2460196, at *5 (E.D. Wash. Mar. 16, 2018) ("It is not this Court's duty to comb the record in search of arguable support for Plaintiff's contention.").

Moreover, the ALJ expressly acknowledged Plaintiff's second cranioplasty in August 2016 to remove an infection due to hardware. AR 29, 4957. The ALJ reasoned, however, that the treatment notes beginning in May 2016 showed "significant improvement in the claimant's condition and he was mostly noted to be alert and oriented with no distress and displayed normal mental status, normal range of motion, grip strength of 150 on right and 90/100 on left, intact motor and sensation of extremities. AR 29, 4369, 4390, 4395, 4436, 4633, 4871, 4883, 4959, 4963, 4971 (grip strength, range of motion), 4997, 5025, 5028, 5056, 5073, 5078, 5084. Plaintiff also reported that he had control over some symptoms with medication. AR 29, 4203.

The ALJ also considered the consultative examination by Dr. Gupta on May 23, 2016. AR 29-30. As noted by the ALJ, Dr. Gupta reported that Plaintiff's mental status was alert and oriented, with grossly normal speech and intact sensory functioning. Plaintiff's mood was normal, but his affect was depressed. He had adequate attention, concentration, memory, ability for abstraction, and fund of knowledge. His thought process was intact, linear, and logical, and his insight and judgment were fair. AR 4050. On WAIS-IV testing, Plaintiff had average comprehension, perceptual reasoning, working memory, and processing speed with an average full-scale IQ. AR 4051-52. On the WMS-IV flexible approach, Plaintiff had average immediate memory, extremely low delayed memory, low average auditory memory, and borderline visual memory. AR 4053.

7

During the examination, Plaintiff reported that he wanted to return to work and denied significant difficulties with supervisors, coworkers or the general public while working.  AR 4049.  Plaintiff also denied having physical limitations due to medical problems and denied significant difficulties with bending, lifting and standing for long periods of time.  AR 4050.

With regard to Plaintiff's work-related abilities, Dr. Gupta opined that Plaintiff was not significantly limited in performing simple and repetitive tasks.  He was mildly limited with performing detailed tasks, mildly limited with maintaining regular attendance in the workplace, mildly limited with the ability to perform work activities on a consistent basis, moderately limited with the ability to perform work activities without special or additional supervision, mildly limited in the ability to complete a normal workday or workweek without interruptions resulting from the claimant's psychiatric condition, mildly limited with the ability to accept instructions from supervisors, moderately limited in the ability to interact with coworkers and the public, and moderately limited with the ability to deal with the usual stresses encountered in competitive work environment.  AR 4054-55.

Plaintiff acknowledges Dr. Gupta's opinion in May 2016 but asserts that the "treatment recors [sic] show no more than consistent disability." (Doc. 20 at 6.)   As discussed above, however, the ALJ assigned Dr. Gupta's opinion significant weight, finding it consistent not only with Plaintiff's admissions of managing his finances, caring for his disabled son, and dealing with others, but also the normal findings on mental status examinations of record.  AR 31-32.  Plaintiff does not identify any specific error in the ALJ's assessment of Dr. Gupta's opinion.  Plaintiff's general and conclusory assertion regarding inconsistency with the overall record, without citation to any evidence in the more than 5,000-page record, is not sufficient to support his assertion of error.

The Court therefore concludes that the ALJ's finding of medical improvement as of May 1, 2016, is supported by substantial evidence.

## CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards.  Accordingly, this Court DENIES Plaintiff's appeal from the administrative decision of the Commissioner of Social Security.

The Clerk of this Court is DIRECTED to enter judgment in favor of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security, and against Plaintiff Carlos Garay.

IT IS SO ORDERED.

Dated: **December 7, 2022**     /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE